**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Susan Karlovich, Esq. (SK 9485)**
**200 Campus Drive**
**Florham Park, New Jersey 07932**
**Tel:   973-624-0800**
**Fax:   973-624-0808**
**Attorneys for Defendant Universal City Development Partners, Ltd.,**
**improperly plead as Universal Studies Orlando a/k/a Universal Studios**
**of Florida d/b/a, t/a Universal Studios, Inc.**

**UNTIED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN MALKIN, PREVIOUS FORSTON and ANASTASIA HEDGEPETH, | Case No.:  3:16-CV-03334 AET-DEA |
| Plaintiffs, | **CIVIL ACTION** |
| v. | **DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE** |
| UNIVERSAL STUDIOS ORLANDO a/k/a UNIVERSAL STUDIOS OF FLORIDA d/b/a, t/a UNIVERSAL STUDIOS, INC. and A.B.C. COMPANIES 1-100 (fictitious entities) and JOHN DOES 1-100 (fictitious entities), | **DEFENSES, DEMAND FOR STATEMENT OF DAMAGES, AND R. 4:5-1 CERTIFICATION** |
| Defendants. | |

Defendant Universal City Development Partners, Ltd., improperly plead as Universal Studios Orlando a/k/a Universal Studios of Florida d/b/a, t/a Universal Studios, Inc., ("Defendant") by way of Answer to the Complaint of Plaintiffs Kevin Malkin, Previous Forston and Anastasia Hedgepeth ("Plaintiffs") alleges as follows:

**FIRST COUNT**

1.     Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and leaves Plaintiffs to their proofs at the time of trial.

2. Defendant denies that Universal Studios, Florida is a legal entity, but admits that Defendant Universal City Development Partners, Ltd. owns and operates a theme park in Orlando Florida. That which is not expressly admitted in Paragraph 2 is denied.

3. Defendant denies the allegations contained in Paragraph 3.

4. Defendant makes no response to the allegations contained in Paragraph 4, as they are directed to other parties, except that any inferences contained therein against answering Defendant are denied.

5. Defendant makes no response to the allegations contained in Paragraph 5, as they are directed to other parties, except that any inferences contained therein against answering Defendant are denied.

6. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and leaves Plaintiffs to their proofs at trial.

7. Defendant admits that its theme park includes *The Wizarding World of Harry Potter*. That which is not expressly admitted in Paragraph 7 is denied.

8. Defendant makes no response to this legal conclusion in Paragraph 8 and leaves Plaintiffs to their proofs at trial.

9. Defendant makes no response to this legal conclusion in Paragraph 9 and leaves Plaintiffs to their proofs at trial.

10. Defendant lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and leaves Plaintiffs to their proofs at trial.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant makes no response to the legal conclusion in Paragraph 13 and leaves Plaintiffs to their proofs at trial.

14. Defendant makes no response to the legal conclusion in Paragraph 14 and leaves Plaintiffs to their proofs at trial.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant makes no response to the legal conclusion in Paragraph 16 and leaves Plaintiffs to their proofs at trial.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint is barred by the failure to state a claim upon which relief can be granted.

2. The complained of occurrence was caused by independent contractors and/or third parties over whom Defendant had no control.

3. The damages alleged were the result of unforeseeable, intervening or superseding acts of others independent of Defendant, which bars Plaintiffs' causes of action.

4. Plaintiffs' claims are barred, or, in the alternative, the damages to which Plaintiffs may be entitled must be reduced, by the Doctrine of Comparative Negligence, N.J.S.A. 2A:15-5.1 et seq.

5. Plaintiffs were guilty of contributory negligence.

6. Plaintiffs' claims are barred by the Doctrine of Assumption of Risk.

2082880v.1

7.   The Complaint is barred because the Plaintiff failed to take reasonable steps to mitigate the damages, if any, and as a result of such failure, the claims must be reduced, excused and/or discharged.

8.   Florida law governs the substantive law of this matter.

9.   Answering Defendant reserves the right to raise any other defenses or counterclaims discovered through pretrial discovery or during the course of trial.

## DESIGNATION OF TRIAL COUNSEL

The undersigned is hereby designated as trial counsel pursuant to R. 4:25-4.

## DEMAND FOR TRIAL BY JURY

Defendant demands trial by jury on all issues.

## CERTIFICATION AS TO TIME

We certify that this pleading was timely served.

## DEMAND FOR STATEMENT OF DAMAGES

Within five days of the date hereof, Defendant demands that each Plaintiff furnish a written statement of the amount of damages it claims in this lawsuit.

## R. 1:38-7(b) CERTIFICATION

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

2082880v.1

## **CERTIFICATION OF NO OTHER PENDING ACTION OR ARBITRATION**

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding. This party is not aware of any other parties who should be joined in this action at this time.

>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
>Attorneys for Defendant Universal City Development Partners, Ltd., improperly plead as Universal Studios Orlando a/k/a Universal Studios of Florida d/b/a, t/a Universal Studios, Inc.
>
>By: */s/ Susan Karlovich*
>       Susan Karlovich, Esq. (SK 9485)

Dated: June 13, 2016

## CERTIFICATE OF SERVICE

I, Susan Karlovich, hereby certify that, on this 13th day of June 2016, the foregoing document was filed through the ECF system; the document will be sent electronically to the registered participants, and a paper copy will be served via first class mail on plaintiff's counsel.

                                        /s/ Susan Karlovich
                                        Susan Karlovich (SK 9485)

2082880v.1